IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1997 SESSION

FILED

January 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,               )
                                  )
            APPELLEE,             )
                                  )        No. 02-C-01-9612-CC-00482
                                  )
                                  )        Madison County
v.                                )
                                  )        Franklin Murchison, Judge
                                  )
                                  )        (Probation Revocation)
MAURICE MANLEY,                   )
                                  )
            APPELLANT.            )


FOR THE APPELLANT:                        FOR THE APPELLEE:


C. Michael Robbins                        John Knox Walkup
Attorney at Law                           Attorney General & Reporter
202 South Maple, Suite C                  500 Charlotte Avenue
Covington, TN 38019                       Nashville, TN 37243-0497
(Appeal Only)
                                          Georgia B. Felner
                                          Counsel for the State
Vanessa King                                  450 James Robertson
Assistant Public Defender
Parkway
227 Baltimore Street, West                Nashville, TN 37243-0493
Jackson, TN 38301
(Trial Only)                              James G. Woodall
                                          District Attorney General
OF COUNSEL:                               P.O. Box 2825
                                          Jackson, TN 38302
George Morton Googe
District Public Defender                  Donald H. Allen
227 Baltimore Street, West                Assistant District Attorney
General
Jackson, TN 38301                         P.O. Box 2825
                                          Jackson, TN 38302

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Maurice Manley (defendant), appeals as of right from a judgment of the trial court revoking his intensive probation.[1] The trial court found the defendant violated his probation by failing to report to his probation officer, changing his address without the consent of the probation officer, failing to appear for the requisite random drug screens, failing to be at home when the probation officer made custody (curfew) checks, failing to enter into an alcohol treatment and counseling program, and failing to pay the probation fees, court costs, and restitution. In this court, the defendant presents one issue for review: "Did the trial court err in ordering the defendant incarcerated for service of the remainder of his sentence?"

The defendant testified there was no excuse for failing to report to his probation officer as ordered. He stated he was an alcoholic and

---

[1]The defendant entered pleas of guilty to two counts of aggravated assault, Class C felonies. The trial court sentenced the defendant to Range II sentences of six (6) years for each offense pursuant to a plea agreement. The trial court suspended the defendant's sentences and placed the defendant on intensive probation for six (6) years.

drank as much alcohol as possible seven days a week. The defendant testified he was "probably somewhere drinking" when he was supposed to report to his probation officer. He also admitted he did not enter an alcohol treatment program or counseling program as ordered by the court. He testified he continued to live at the same address even though people at that address stated they did not know where the defendant was living. He claimed he worked sporadically and was unable to pay the probation fees, court costs, and restitution. The defendant did not testify where he obtained the funds to purchase alcoholic beverages seven days a week.

After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE



_____
CURWOOD WITT, JUDGE